RECEIVED
IN MONROE, LA
FEB 2 4 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 92-30041-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDDIE LEE COOKS | MAG. JUDGE KAREN L. HAYES |

## RULING

Pursuant to 18 U.S.C. § 3582(c)(2), which provides for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission under 28 U.S.C. § 994(u), the Court has considered whether Defendant Eddie Lee Cooks's ("Cooks") sentence of imprisonment should be reduced because of the November 2007 amendments to the United States Sentencing Guidelines for crack cocaine. Cooks was previously sentenced to a mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 851(a)(1) because he had two prior felony drug convictions. Accordingly, in an August 22, 2008 Order [Doc. No. 191], the Court stated that no reduction is permissible. Counsel for Cooks and the Government were instructed to file a response by October 7, 2008.

On September 11, 2008, the Government filed a Notice [Doc. No. 192], indicating that it had no objections to the Court's determination and that no hearing is necessary in this matter.

On October 23, 2008, the Office of the Federal Public Defender, which had been appointed to represent Cooks, filed a Motion to Extend Time to File a Notice [Doc. No. 193]. Counsel explained that, while the Government had filed a Notice of Enhancement, it was unclear from the record if the § 851 enhancement was actually imposed by the Court. For that reason, counsel had

requested a transcript of Cooks's sentencing hearing. She requested an extension of time of ten (10) days following her receipt of the transcript in which to file a notice in response to the Court's August 22, 2008 Order. The Court granted counsel's motion on October 24, 2008.

On November 19, 2008, counsel for Cooks filed a Motion to Withdraw [Doc. No. 195]. In that motion, counsel stated that she found no meritorious issues to advance on Cooks's behalf. She requested, however, that he be permitted to file his own memorandum within thirty (30) days of the Court's order allowing her to withdraw. On November 21, 2008, the Court granted counsel's motion [Doc. No. 196], the Office of the Federal Public Defender was permitted to withdraw, and Cooks was granted a thirty-day extension of time to file a memorandum in response to the Court's August 22, 2008 Order.

On January 1, 2009, upon his motion, Cooks was granted a sixty-day extension of time to file his response.

On February 19, 2009, the Clerk of Court received Cooks's memorandum [Doc. No. 200]. In that memorandum, Cooks does not deny that he received a sentence of life imprisonment because of his statutory enhancement pursuant to 21 U.S.C. § 851(a)(1). Instead, he attacks the underlying enhancement as improper, contends that he was actually innocent of one of the prior felony convictions, and argues that, once the Court sets aside his § 851(a)(1) enhancement, he would not be subjected to a sentence greater than 30 years under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Having reviewed Cooks's memorandum and the record in this matter, the Court finds that a reduction under 18 U.S.C. § 3582(c)(2) is not permissible in this case. Under § 3582(c)(2), the Court may "reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*,

2

105 F.3d 981, 982 (5th Cir. 1997). However, § 3582(c)(2) does permit the Court to reduce Cooks's statutorily-enhanced sentence. *See United States v. Reese*, 2008 WL 4580086 (5th Cir. Oct. 15, 2008) (Where defendant had a prior felony drug conviction and the Government gave notice that it was seeking an enhanced penalty, the defendant was sentenced to a mandatory minimum penalty of 20 years of imprisonment; "[a] mandatory minimum statutory penalty overrides the retroactive application of a new guideline," and, "[t]hus, the district court could not impose a sentence below the mandatory minimum sentence of 20 years.").

Further, the Court has no authority under § 3582(c)(2) to review the underlying merits of the enhancement or the convictions upon which the enhancement was based. While the Court has sympathy for Cooks's predicament, it cannot consider any collateral attacks to Cooks's sentence under § 3582(c)(2). Cooks has previously filed a motion to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255. If he wishes to file a second or successive § 2255 motion, he must obtain authorization from the United States Court of Appeals for the Fifth Circuit in order to do so.

For the reasons set forth, Cooks shall serve the life term of imprisonment previously imposed.

MONROE, LOUISIANA, this 23nd day of February, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE