RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE /_/_6/25/09_
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 92-30041-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDDIE LEE COOKS | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a letter motion [Doc. No. 211] filed by Defendant Eddie Lee Cooks ("Cooks"). Cooks has previously moved the Court to reconsider its February 23, 2009 Ruling [Doc. No. 203] finding that he is not entitled to a reduction in his term of imprisonment. Cooks does not dispute that he was sentenced to a mandatory life sentence, but again argues to the Court that he was improperly sentenced at his original sentencing. He also requests that the Court act under its "inherent equitable power" to reduce his sentence, so that under the Second Chance Act, 18 U.S.C. § 3624,[1] he could be placed in home confinement.

The Court has previously granted Cooks an extension of time to appeal its order denying him a reduction in his term of imprisonment, and Cooks has filed an appeal.

---

[1] Cooks refers to the "Elderly and family reunification for certain nonviolent offenders pilot program," under which the Attorney General has been charged with the responsibility "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g). Only prisoners over sixty-five years old, who meet other qualifications, are eligible. 42 U.S.C. 17541(g)(5). Prisoners serving life terms of imprisonment are not permitted by statute to participate in the program. 42 U.S.C. § 17541(g)(5)(A)(ii).

The Court further instructed Cooks more than once that he must seek permission of the United States Court of Appeals for the Fifth Circuit if he wishes to challenge his original sentence in this matter, pursuant to 28 U.S.C. § 2255. The Court does not know if Cooks has taken this step.

However, in this motion, Cook moves the Court to use its equitable authority to reduce his sentence. Contrary to Cooks's belief, the Court's authority to modify a previously imposed sentence is limited by 18 U.S.C. § 3582(b) to specific circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(b). None of those reasons apply in this case, and the Court has no other authority to grant Cooks the relief he seeks.

IT IS ORDERED that Cooks's letter motion [Doc. No. 211] is DENIED.

MONROE, LOUISIANA, this ___25___ day of ___June___, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE